UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANELLE A. GRIMES,

                Plaintiff,

     v.

AFFILIATED COMPUTER SERVICES, INC.,
ACS XEROX COMPANIES,
ACS EDUCATED SERVICES, INC.,
XEROX EDUCATION SERVICES, INC.,
XEROX BUSINESS SERVICES, LLC, and
XEROX EDUCATIONAL SERVICES, LLC,

                Defendants.

Civil Case No:   6:13-CV-0440 (LEK/DEP)

**COMPLAINT**

Plaintiff demands a trial by: JURY

Plaintiff in the above captioned action, alleges as follows:

### JURISDICTION

1.      This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., as amended, for discrimination based upon a disability and the failure to accommodate same. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(4).

### PARTIES

2.      Plaintiff, Janelle Grimes, ▮▮▮▮▮▮▮▮▮▮ in the City of Utica, County of Oneida and State of New York.

3.      Upon information and belief and at all times hereinafter mentioned, Defendant, Affiliated Computer Services, Inc., a foreign corporation with offices located at 2828 N. Haskell,

Bldg. 1, Floor 9, Dallas, Texas 75204, was the parent corporation of ACS Education Services, Inc., for which Plaintiff worked during all relevant periods referenced herein.

4.     Upon information and belief and at all times hereinafter mentioned, Defendant, ACS Education Services, Inc., is a foreign corporation which maintains its corporate offices at 2828 N. Haskell, Dallas, Texas 75204 and was Plaintiff's employer during all relevant periods referenced herein, and upon information and belief was known as ACS, a Xerox Company.

5.     Upon information and belief and at all times hereinafter mentioned, Defendant Xerox Education Services, Inc., is the successor to ACS Education Services, Inc., Plaintiff's former employer, with principal offices located at 2828 N. Haskell, Dallas, Texas 75204.

6.     Upon information and belief and at all times hereinafter mentioned, Defendant, Xerox Business Services, LLC, is a foreign corporation which maintains its corporate offices at 2828 N. Haskell, Dallas, Texas 75204 and is the successor in interest to "Affiliated Computer Systems" in February 2010.

7.     Upon information and belief and at all times hereinafter mentioned, Xerox Education Services, Inc. is the successor to Xerox Business Services, LLC with principal offices located at 2828 N. Haskell, Dallas, Texas 75204.

8.     Upon information and belief, each of the named Defendants were Plaintiff's employer or are the successors in interest to a corporation that was Plaintiff's employer during all relevant periods referenced herein and are individually and collectively referenced to as "ACS."

9.     In 2007, Plaintiff was diagnosed with "Meniere's Disease," an inner ear disorder which affects Plaintiff's major life activities, including but not limited to: balance and hearing.

10.     The conduct complained of in this action involves: termination of employment, failure to make alterations to accommodate Plaintiff's disability and retaliation.

11.     Plaintiff was issued a right to sue letter by the Equal Employment Opportunity Commission in Charge Numbers 525-2009-01060 and 525-2010-00157 on February 21, 2013.

## FACTS

12.     The facts of the case are set forth as follows: Plaintiff was hired in October 2005 as a customer service representative for ACS Educational Services, Inc (hereinafter referred to "ACS") at its location in Utica, New York.

13.     In early 2007, Plaintiff was diagnosed with Meniere's disease, an inner ear disorder which is of a persistent and permanent nature.  Said disorder directly affects her daily living both at home and at work as she is directly affected physically by the following symptoms: vertigo, tinnitus, a sensation of "fullness" in her ears, nausea, vomiting and hearing loss.

14.     In 2008, Plaintiff was appointed as a "Team Coach" at ACS.

15.     Plaintiff, in her capacity as a Team Coach, was required to use ACS's system and equipment to monitor pre-recorded calls for members of her team while utilizing ear buds/headphones. Monitoring these calls in this invasive manner caused Plaintiff to experience excessive Meniere's attacks. Therefore, in March 2009, Plaintiff verbally requested an accommodation. Said request was made to her Department Manager, Shawn Hughes, and her Immediate Supervisor, Richele Deming.

16.     In response, ACS was provided Plaintiff with a single ear piece on which to receive incoming calls but nothing to allow her to monitor said calls. Plaintiff advised ACS that the ear piece did not constitute an accommodation in regard to her duties of monitoring calls.

17.     By July 2009, Plaintiff still had not received a reasonable accommodation and continued to experience Meniere's attacks in increasing strength and frequency. Additionally, she was beginning to feel work related pressure from her Supervisor, who routinely inferred that Plaintiff

was a liability to the company due to her disability. Plaintiff was often advised by her Supervisor to put on a "game face" so that the representatives would not know that she was feeling ill.

18.    On July 22, 2009, Plaintiff provided a written request for a reasonable accommodation from Fayez F. Chafe, M.D., to her Department Manager, Shawn Hughes. Mr. Hughes advised Plaintiff that he would confer with the Director of ACS, Wade Meenan, to see what kind of accommodations the company would be able to provide.

19.    On August 17, 2009, Plaintiff had a series of meetings between Floor Supervisors, Kim Hatzinger and Richele Deming. During these meetings, Ms. Hatzinger advised Plaintiff that ACS would not be able to accommodate her needs to monitor her calls on speakers.

20.    Plaintiff requested that Defendant allow her to work off site. That request was also denied by ACS.

21.    On September 9, 2009, Plaintiff was called to a meeting with her Floor Supervisors, Kim Hatzinger and Richele Deming. The purpose of this meeting was to reprimand the Plaintiff for a function that was the responsibility of all of the Team Coaches. No other Team Coaches were reprimanded.

22.    On September 14, 2009, Ms. Hatzinger told Plaintiff to "deal with it" in relation to her Meniere's disease. She gave Plaintiff an ultimatum to either apply for a different position within the company or stay in her present position and be placed on an "Action Plan" with a guaranteed end result of a demotion if she could not meet the criteria of said Action Plan.

23.    Ms. Hatzinger also proceeded to state that it was obvious that Plaintiff would not be able to perform her required job duties as a Team Coach; adding that it would be in Plaintiff's best interest to seek placement in a different department or step down from her position for her good and the good of the team and department.

24.     On September 25, 2009, an Action Plan was created and presented to Plaintiff on by her Floor Supervisors, Ms. Hatzinger and Ms. Deming. Plaintiff requested time to review said documents and was given until September 29, 2009 to review the same.

25.     On September 29, 2009, another meeting was held with Mr. Hughes and Ms. Deming. The purpose of this meeting was to review the Action Plan and Plaintiff's concerns regarding the same. Mr. Hughes stated that the Action Plan was reviewed and approved by himself and upper ACS management including Mr. Meenan. Another meeting was then scheduled for Monday, October 5, 2009 which included: Mr. Hughes, Ms. Hatzinger, Ms. Deming and Plaintiff.

26.     Plaintiff continually tried to resolve her request for a reasonable accommodation in accordance with the company's policy and procedures but without a resolution.  Eventually she filed a disability discriminatory charge with the Equal Employment Opportunity Commission (EEOC Charge Nos: 525-2009-01060 and 525-2010-00157). After Plaintiff filed the EEOC charge, she was consistently targeted with write-ups and disciplinary actions without just cause including being subjected to ongoing harassment from her supervising officials at ACS.

27.     On December 15, 2009, after a meeting with management regarding her performance, Plaintiff began to experience chest pain and difficulty breathing. She was taken to a local hospital where she was diagnosed with a panic attack.

28.     The Defendants engaged in a course of conduct which created a hostile work environment from March 2009 until Plaintiff was taken out of work by Nalin Sinha, M.D. in April 2010. Plaintiff was never given a reasonable accommodation for her Meniere's disease.

29.     On October 5, 2009 the Plaintiff was given free standing speakers with a stipulation that she could create her own flexible schedule. However, when she created a schedule as requested the schedule was rejected.

## AS AND FOR A FIRST CAUSE OF ACTION

30.     With reference to paragraphs "1" through "29" of the Complaint, Plaintiff repeats, reaffirms and realleges the same allegations hereinabove set forth as to the paragraphs referred to therein, with the same force and effect as though fully set forth herein.

31.     Plaintiff requested a reasonable accommodation for a condition (Meniere's disease).

32.     Plaintiff's request for an accommodation was to use audio speakers instead of earbuds when monitoring customer service calls, either from home or in an office on site.

33.     Defendants refused to provide Plaintiff with a reasonable accommodation.

34.     As a result of Defendants' refusal to provide a reasonable accommodation, Plaintiff has sustained pecuniary and non-pecuniary damages in an amount in excess of the jurisdictional limits of all lower Courts.

## AS AND FOR SECOND CAUSE OF ACTION

35.     With reference to paragraphs "1" through "34" of the Complaint, Plaintiff repeats, reaffirms and realleges the same allegations hereinabove set forth as to the paragraphs referred to therein, with the same force and effect as though fully set forth herein.

36.     Plaintiff engaged in protective EEOC activity by requesting a reasonable accommodation and filing an Equal Employment Opportunity Commission Complaint (Charge Numbers: 525-2009-01060 and 525-2010-00157).

37.     Defendants engaged in retaliatory conduct towards Plaintiff for engaging in protected activity.

38.     As a result of Defendants' retaliatory activity, Plaintiff sustained pecuniary and non-pecuniary damages in an amount in excess of the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

39.     With reference to paragraphs "1" through "38" of the Complaint, Plaintiff repeats, reaffirms and realleges the same allegations hereinabove set forth as to the paragraphs referred to therein, with the same force and effect as though fully set forth herein.

40.     Defendants created and maintained a hostile work environment as against the Plaintiff from the period of March 2009 until April 2010.

41.     As a result of Defendants' retaliatory activity, Plaintiff sustained pecuniary and non-pecuniary damages in an amount in excess of the jurisdictional limits of all lower courts.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court grant judgment to the Plaintiff in an amount in excess of the jurisdictional limits of all lower courts on each cause of action together with reasonable attorney's fees, the costs and disbursements of this action and any other and further relief as the Court may deem just and proper.

FELT EVANS, LLP

Dated: April _19_, 2013

Jay G. Williams III, Esq., of counsel
Bar Roll No: 501318
Attorneys for Plaintiff
4-6 North Park Row
Clinton, New York 13323
(315) 853-4436
(315) 853-4511

## CERTIFICATION OF ATTORNEY

I, Jay G. Williams III,  hereby certify under penalty of perjury and as an officer of the court that I have no knowledge that the substance of any of the factual submissions contained in this document is false.

Dated: April __/ 9__ , 2013

_____
Jay G. Williams III, Esq

### VERIFICATION

STATE OF NEW YORK )
                                       ) ss:
COUNTY OF ONEIDA   )

I, Janelle E. Grimes, being duly sworn, deposes and says that she is the Plaintiff in the within action; that Deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to Deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, deponent believes them to be true.

_____
Janelle E. Grimes

Sworn to before me this __/ 9__
day of April 2013

_____
Notary Public

**JAY G. WILLIAMS III**
Notary Public, State Of New York
No. 02WI4889725
Appointed In Oneida County
My Commission Expires March 23, 200 _5_